IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TREMAYNE IZZARD,                )
                                )
            Plaintiff,          )
                                )
     v.                         )    1:13CV998
                                )
CREDIT FINANCIAL                )
SERVICES, INC., et al.,         )
                                )
            Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses of Defendant Experian Information Solutions, LLC. (Docket Entry 22.) For the reasons that follow, the Court will grant the instant Motion in part (as to the fourth and fifth defenses) and will deny it in part (as to the first defense).[1]

## BACKGROUND

Plaintiff's Complaint asserts, inter alia, violations of the Fair Credit Reporting Act ("FCRA") by Defendant Experian. (Docket Entry 5 at 13-15.) It alleges that, in early 2013, Plaintiff discovered an error in her credit report, as prepared by Defendant Experian, concerning $151 owed to an emergency room for medical treatment rendered in 2010. (Id. at 4-10.) After Defendant

---

[1] For the reasons stated in Villa v. Ally Financial, Inc., No. 1:13CV953, 2014 WL 800450, at *1 n.1 (M.D.N.C. Feb. 28, 2014) (unpublished), the undersigned United States Magistrate Judge will issue an order in this matter, rather than a recommendation.

Experian filed its Answer (Docket Entry 10), Plaintiff contacted Defendant Experian regarding several of its asserted affirmative defenses. (Docket Entry 23 at 2; see also Docket Entry 24 at 2.) Defendant Experian agreed to remove some of these affirmative defenses (Docket Entry 23 at 2; see also Docket Entry 24 at 2) and filed an Amended Answer (Docket Entry 17).

Plaintiff now moves to strike the following three affirmative defenses from Defendant Experian's Amended Answer:

> FIRST AFFIRMATIVE DEFENSE
> The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against [Defendant] Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever from [Defendant] Experian.
> . . . .
> FOURTH AFFIRMATIVE DEFENSE
> The Complaint and each claim for relief therein is barred by laches.
> . . . .
> FIFTH AFFIRMATIVE DEFENSE
> [Defendant] Experian is informed and believes and thereon alleges that some or all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

(Id. at 29; see also Docket Entry 23 at 12-16.) Defendant Experian responded in opposition with respect to its first defense, but agreed to withdraw its fourth and fifth defenses. (Docket Entry 24 at 6-10.) Plaintiff did not reply. (See Docket Entries dated Jan. 13, 2014, to present.)

DISCUSSION

"Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to 'order stricken from any pleading any insufficient defense.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Wright & Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)). Although "Rule 12(f) motions are generally viewed with disfavor . . . , a 'defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" Id. (quoting 5A Wright & Miller, supra, § 1380); see also Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). In addition, the moving party must show prejudice: for instance, where an "irrelevant affirmative defense . . . 'result[s] in increased time and expense of trial, including the possibility of extensive and burdensome discovery.'" Staton v. North State Acceptance, LLC, No. 1:13CV277, 2013 WL 3910153, at *2 (M.D.N.C. July 29, 2013) (unpublished) (quoting Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003)). Finally, "[w]hen reviewing a motion to strike, a court must view the

pleading under attack in a light most favorable to the pleader." Guessford v. Pennsylvania Nat'l Mut. Cas. Co., 918 F. Supp. 2d 453, 467 (M.D.N.C. 2013).

Plaintiff contends that this Court, in evaluating Defendant Experian's affirmative defenses, should apply the pleading standard articulated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2008). (Docket Entry 23 at 4-8.) In that regard, Plaintiff emphasizes that a majority of district courts within the Fourth Circuit (though not this Court) have applied Twombly and Iqbal to affirmative defenses. (Id. at 5-7 (citing cases).) Responding in opposition, Defendant Experian underscores that this Court (per United States District Judge James A. Beaty, Jr.) has previously declined to extend Twombly and Iqbal to affirmative defenses given the language of the Federal Rules of Civil Procedure and the existing state of the law in the Fourth Circuit. (Docket Entry 24 at 4 (citing Guessford, 918 F. Supp. 2d at 468).) In this case, however, because Defendant Experian has agreed to withdraw its fourth and fifth defenses - and because its first affirmative defense does not constitute an affirmative defense at all - the Court need not resolve whether the Twombly/Iqbal standard applies to affirmative defenses.

Defendant Experian's first affirmative defense asserts that Plaintiff's Complaint "fails to set forth facts sufficient to state a claim upon which relief may be granted against [Defendant] Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought . . . ." (Docket Entry 17 at 29.) Said defense appears to restate the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Although an answer may assert such a defense, see Fed. R. Civ. P. 12(h)(2)(A) (citing Fed. R. Civ. P. 7(a))), failure to state a claim does not constitute an affirmative defense, see Boldstar Technical, LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.").[2]

Some district courts have stricken such defenses under similar circumstances. See Odyssey Imaging, LLC v. Cardiology Assocs. of

---

[2] Defendant Experian references the inclusion of failure to state a claim as a defense in Form 30 of the Federal Rules of Civil Procedure, "Answer Presenting Defenses Under Rule 12(b)." (See Docket Entry 24 at 7 (citing Fed. R. Civ. P. Form 30).) Despite Form 30's inclusion of this defense, it does not list failure to state a claim as an affirmative defense, as it does for a defense based on the statute of limitations. See Fed. R. Civ. P. Form 30; U.S. Commodities Futures Trading Comm'n v. U.S. Bank, N.A., No. 13CV2041-LRR, 2014 WL 294219, at *6 n.6 (N.D. Iowa Jan. 27, 2014) (unpublished) ("The court notes that although Form 30 allows a defendant to allege that a plaintiff failed to state a claim in an answer, it does not categorize failure to state a claim as an affirmative defense.").

Johnston, LLC, 752 F. Supp. 2d 721, 727 (W.D. Va. 2010) (striking purported affirmative defense that the "complaint fails to state a cause of action" because it is "not an affirmative defense[] at all"); Clark v. Milam, 152 F.R.D. 66, 73 (S.D. W. Va. 1993) (granting motion to strike as superfluous several "affirmative defenses [which] are in fact merely denials of Plaintiff's allegations"). Other district courts have concluded that, in the case of mere mislabeling of such a defense, "striking the defense at this juncture would serve no real purpose." U.S. Bank Nat'l Ass'n v. Education Loans, Inc., Civ. No. 11-1445 (RHK/JJG), 2011 WL 5520437, at *7 (D. Minn. Nov. 14, 2011) (unpublished); accord Haley Paint Co. v. E.I. Du Pont De Nemours & Co., 279 F.R.D. 331, 337 (D. Md. 2012). The Court agrees with this latter perspective.

Accordingly, given that Defendant Experian properly could have included its purported first affirmative defense in its Answer under a different heading, the Court will simply construe the Amended Answer as having done so. Moreover, the Court concludes that the failure of Defendant Experian to include any detail as to the basis for its defense of failure to state a claim causes Plaintiff no prejudice because the Court will take no action on the defense unless and until Defendant Experian makes a proper motion, see Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."), and Defendant Experian may raise that defense at

any time up to trial, see Fed. R. Civ. P. 12(h)(2). The Court therefore declines to strike Defendant Experian's defense of failure to state a claim.

As a final matter, Defendant Experian has agreed to withdraw its fourth defense of laches and its fifth defense of statute of limitations. (Docket Entry 24 at 9.) Therefore, the Court will strike Defendant Experian's fourth and fifth affirmative defenses.

<u>CONCLUSION</u>

These circumstances entitle Plaintiff to relief as to Defendant Experian's defenses of laches and statute of limitations.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (Docket Entry 22) is **GRANTED IN PART**, in that the Fourth and Fifth Defenses are **STRICKEN**, and **DENIED IN PART**, in that the First Defense may stand, but without the prospect of court action absent the making of a proper motion.

                                        /s/ L. Patrick Auld
                                             **L. Patrick Auld**
                              **United States Magistrate Judge**

April 2, 2014